IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER, | 1:11-cv-01832-LJO-JLT |
| Plaintiff, | FINDING AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS THE ACTION WITH PREJUDICE |
| vs. | |
| MAYOR OF BAKERSFIELD CITY, et al., | (Docs. 1 & 2) |
| Defendants. | |

Plaintiff has filed a civil rights action, along with an application to proceed in forma pauperis. This proceeding was referred to this Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.

**I.    PROCEDURAL BACKGROUND**

On November 2, 2011, Johm Fredrick Wheeler ("Plaintiff"), proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges federal constitutional as well as state law claims against the city of Bakersfield, California, and its mayor, for receiving a "Notice of Violation" regarding his parked vehicle found on an unpaved surface, a violation of Bakersfield's Municipal Code Section 10.32.160. ("BMC 10.32.160") (Doc. 1 at 1.)  At time he

---

[1] Though Plaintiff does not cite to 42 U.S.C. § 1983 in his current complaint, the nature of Plaintiff's allegations including his claim that his civil rights have been violated (Doc. 1 at 10), reflect a claim best characterized as an action brought under the statute.

-1-

received the notice, Plaintiff's vehicle was parked on grass, adjacent the garage of his rental property located in Bakersfield, California.  (Id. at 9.)  Upon review of the complaint, the Court finds that this action is substantively identical to the prior complaint that Plaintiff filed on August 22, 2011, Wheeler v. Bakersfield City, et al., 1:11–cv–01392–LJO-JLT, which was dismissed with prejudice for Plaintiff's failure to state a claim on October 19, 2011.  As discussed below, Plaintiff's complaint should be dismissed as barred under the doctrine of res judicata.

## II.   IN FORMA PAUPERIS

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Although Plaintiff's application and declaration make the showing required by 28 U.S.C. § 1915(a)(1), the undersigned recommends that the application to proceed in forma pauperis be denied as moot because, as discussed below, the undersigned also recommends that the complaint be dismissed without leave to amend.

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to section 1915(e)(2), the court shall dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is "frivolous or malicious," the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(A)-(B).[2]

## III.   SCREENING REQUIREMENT

The Court is required to review a case filed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  The Court must review the complaint and dismiss any portion thereof that is

---

[2] Plaintiff has frequently filed non-meritorious lawsuits in this district.  See e.g., Wheeler v. Bakersfield City, et al., No. 11-cv-1392 LJO JLT (E.D. Cal.); Wheeler v. United States, No. 11-cv-1045 LJO JLT (E.D. Cal.); Wheeler v. American Tobacco Co., Inc., No. 10-cv-0851 OWW JLT (E.D. Cal.); Wheeler v. Payless Towing, No. 09-cv-1829 LJO SMS (E.D. Cal.); Wheeler v. Bank of America, No. 11-cv-01270 LJO JLT (E.D. Cal.).  The Court has warned Plaintiff–and does so again here–that repeated filing of frivolous cases lacking in merit may result in the Court ordering a plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing restrictions imposed.  See De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990).

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**IV.    RES JUDICATA**

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res judicata ) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . ." Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 553 (9th Cir.2003) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1, (1984)); see Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064,

1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised," Arizona v. California, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).

## V.     ANALYSIS

### A.     Identity of claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992).  In applying the transaction test, the Court examines the following criteria:(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982). "The last of these criteria is the most important ." Id. at 1202.

On November 2, 2011, Plaintiff filed the complaint in the instant case, alleging as follows. On August 16, 2011, Plaintiff received a "Notice of Violation" from a code enforcement officer for parking his vehicle on an unpaved surface, a violation of Bakersfield's Municipal Code Section 10.32.160. ("BMC 10.32.160") (Doc. 1 at 8-9.)  At the time he received the notice, Plaintiff's vehicle was parked on grass, adjacent the garage of his residential rental property located in Bakersfield, California. (Doc. 1 at 9.)  BMC 10.32.160 provides in relevant part:

> No person shall park any motor vehicle on any unpaved area in any front yard, any rear yard, which rear yard is open [sic] to public view from any public right of way, any side yard, or on any other unpaved public or private property.

1  (Doc. 1 at 10.)

2  In addition to the initial notice, Plaintiff states that he received a second seven day notice
3  to abate the violation which indicated that if the violation were not resolved, the city could assess
4  Plaintiff a total of $1,135 in fees. (Doc. 1 at 10.) Plaintiff also alleges that in order to obtain the
5  vehicle's license number, the enforcement officer entered Plaintiff's property without legal
6  authority to do so. (Id. at 6.) Plaintiff asserts that Defendant's ordinance deprives him of his
7  property in violation of federal due process and abridges the privileges or immunities afforded
8  him as a citizen of the United States. (Id. at 6.) Additionally, Plaintiff contends the city's code
9  results in both a public and private nuisance which interferes with the reasonable and
10 comfortable use of his property. (Id. at 2.) Plaintiff seeks both injunctive relief and monetary
11 damages. (Id. at 11.)

12 Prior to filing the complaint in the instant case, on August 22, 2011, Plaintiff filed
13 Wheeler v. Bakersfield City, et al., 1:11–cv–01392–LJO-JLT. Asserting nearly identical facts in
14 this previous matter, Plaintiff alleged that he had received the city's notice on August 16, 2011
15 for parking his vehicle on his property off pavement and that the enforcement officer unlawfully
16 entered his property. Wheeler, 1:11–cv–01392–LJO-JLT, Doc. 1 at 1, 4-5. Just as in the instant
17 suit, Plaintiff alleged that the City's ordinance deprives him of his property in violation of federal
18 due process. Id. at 1. In addition, in the previous action, though not in the instant matter,
19 Plaintiff claimed that the enforcement officer's entry to his property violated the Fourth
20 Amendment's prohibition against unreasonable searches and seizure. Id. at 4. As he does here,
21 Plaintiff sought both injunctive relief and monetary damages.

22 It is clear that the two suits involve "infringement of the same right" and that they arise
23 out of the "same transactional nucleus of facts." and that Plaintiff presents identical claims in
24 both suits. Costantini, supra, 681 F.2d at 1201–02.

25 **B.    Final judgement on the merits**

26 On September 29, 2011, the Court issued findings and recommendations regarding
27 Wheeler, 1:11–cv–01392–LJO-JLT, recommending that the action be dismissed for Plaintiff's
28 failure to state a claim. Wheeler, 1:11–cv–01392–LJO-JLT, Doc. 4. On October 19, 2011, after

reviewing the matter, including Plaintiff's objections, the District Judge adopted the Findings and Recommendations, dismissing the action with prejudice for failure to state a claim. Wheeler, 1:11–cv–01392–LJO-JLT, Doc. 7.

The Court concludes that the instant case, 1:11–cv–01832 stems from the claims which were previously litigated against the Defendants in 1:11–cv–01392. "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which *res judicata* applies. Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n. 3, (1981); Stewart v. U.S. Bancorp, 297 F.3d 953 (9th Cir. 2002). Based on this determination, the second criteria for the res judicata analysis is satisfied.

### C. Same parties or privity between parties

The third criteria for res judicata is also satisfied. Both cases involve the same Plaintiff. Additionally, in the first action, Plaintiff named defendants as "Bakersfield City et al," however, in the instant matter, Plaintiff names both the City and its Mayor. Plaintiff, however, cannot escape the doctrine of res judicata with the mere addition of the Mayor to this action.. City officials, like the Mayor, are in privity with the City and the third criteria is therefore satisfied. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993) (stating that "when two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other"); Adams v. California Dept. of Health Services, 487 F.3d 684, 691 (9th Cir. 2007) (finding that new defendants, employees of the state department of health services, were in privity with the department, a named defendant in the previous action); accord Duffy v. City of Long Beach, 201 Cal. App. 3d 1352, 1358 (1988) (holding that city employees were protected by res judicata after a final judgment had been issued in favor of the city).

### V. CONCLUSION AND RECOMMENDATION

The Court finds that the claims in the prior case of Wheeler v. Bakersfield City, et al., 1:11–cv–01392–LJO-JLT, involve the same transactional nucleus of facts and the same defendants as the claims in this instant action of Wheeler v. Mayor of Bakersfield City, et al., 1:11–cv–01832–LJO-JLT.

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis (Doc. 2) be denied; and
2. This action be DISMISSED WITH PREJUDICE as barred by res judicata and duplicative of Wheeler v. Bakersfield City, et al., 1:11–cv–01392–LJO-JLT; and
3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. If Plaintiff elects to file written objections, he should caption the document as "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **December 8, 2011**                         /s/ Jennifer L. Thurston
                                                     UNITED STATES MAGISTRATE JUDGE